UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MARSHALL G. HILES, Individually | : | Case No. 1:12-cv-392 |
| and as Assignee of the Claims of | : | |
| Nathan and Brittney Honis, | : | |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| NOVASTAR MORTGAGE, INC., *et al.*, | : | |
| | : | |
| Defendants. | : | |

**DECISION AND ENTRY GRANTING DEFENDANT DEUTSCHE BANK'S MOTION TO DISMISS (Doc. 9)**

This civil action is before the Court on the motion of Defendant Deutsche Bank National Trust Company ("Deutsche Bank") to dismiss the Complaint (Doc. 9), and the parties' responsive memoranda (Docs. 17, 20).

**I.    GENERAL BACKGROUND**

Plaintiff Marshall G. Hiles, both individually and as an assignee of Nathan and Brittney Hoins, has sued four different defendants, including NovaStar Mortgage, Inc., NovaStar Financial, Inc.,[1] and Zurich American Insurance Company.[2] The Honsises purchased Plaintiff's father's home and Plaintiff alleges that he was involved in the sale as his father's attorney-in-fact.  Plaintiff alleges that he worked with the mortgage broker

---

[1] NovaStar Financial, Inc. is now known as Novation Companies, Inc.

[2] Plaintiff does not assert any claims against Zurich and has joined it as a nominal party in this action, presumably because it is a "holder[] of a bond in favor of NovaStar Mortgage." (Doc. 7 at ¶ 11).

Kenneth Willman to sell his father's home and that the Honises obtained a loan through Willman and his company, Finish Line Mortgage, Inc. (Doc. 7 at ¶¶ 13-16).

NovaStar Mortgage funded the loan and received the first mortgage payments from the Honises. (Doc. 7 at ¶¶ 20, 25). The Honises' home was foreclosed in 2008 in an action brought by Deutsche Bank, which had ultimately become the holder of the mortgage. (*Id.* at ¶¶ 29, 32). Plaintiff claims he was a party to that foreclosure action and that "through his pleadings, [he] attempted to bring the facts and circumstances of [Willman's] fraudulent acts related to the mortgage to the court's attention." (*Id.* at ¶ 30).

On May 25, 2011, nearly three years after their home was foreclosed upon, the Honises formally assigned whatever rights they had relating to that foreclosure and the underlying mortgage to Plaintiff. (Doc. 7, Ex. F). After the foreclosure, Plaintiff filed suit on behalf of the Honises against the mortgage broker, Willman, in Ohio state court and obtained a default judgment against him in 2010. (*Id.* at ¶¶ 34, 35, 37).

## II. FACTS ALLEGED BY THE PLAINTIFF

For purposes of this motion to dismiss, the Court must: (1) view the Complaint in the light most favorable to Plaintiff; and (2) take all well-pleaded factual allegations as true. *Tackett v. M&G Polymers*, 561 F.3d 478, 488 (6th Cir. 2009).

On June 25, 2008, Deutsche Bank National Trust Company, as Trustee under Novastar Mortgage Funding Trust, Series 2007-1 c/o Saxon Mortgage Services Inc., filed a complaint in foreclosure in Hamilton County Common Pleas Court against the Honises.

(Doc 7 at ¶ 29).  Plaintiff Hiles was a party to the foreclosure action due to the promissory note executed by the Honises.  (*Id*. at ¶ 30).  During foreclosure proceedings, Plaintiff began an investigation which allegedly revealed that fraudulent representations were made to him and the Honises during the transaction with NovaStar.  (*Id*. at ¶ 31).  The Honises were unable to secure representation of counsel on their behalf and did not appear in the foreclosure action.  (*Id*. at ¶ 32).  Subsequently, the foreclosure was granted and the property was sold.  (*Id.*)  Based on the financial and emotional inability of the Honises to defend themselves in the foreclosure action, and to pursue the parties who committed the fraudulent acts against them, the Honises assigned their claims to Plaintiff.  (*Id*. at ¶ 33).

Plaintiff now asserts a claim of fraud against Defendant Deutsche Bank related to the foreclosure proceedings.  Plaintiff alleges that the documents produced for summary judgment by Deutsche Bank demonstrate an assignment of the mortgage to Deutsche Bank as nominee for NovaStar, but the assignment document does not purport to assign the note.  Additionally, Plaintiff alleges he was not given sufficient notice of default and foreclosure.

### III. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal of a complaint for "failure to state a claim upon which relief can be granted."  To show grounds for relief, Fed. R. Civ. P. 8(a)

requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

While Fed. R. Civ. P. 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, -- U.S. --, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Id*. (citing *Twombly*, 550 U.S. at 555). In fact, in determining a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation[.]" *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265 (1986). Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Id*.

Accordingly, in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949. A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. (citing Fed. Rule Civ. Proc. 8(a)(2)).

IV.   ANALYSIS

Plaintiff alleges claims relating to the origination of the loan (Count I), violations of Ohio's Mortgage Broker's Act (Count II), and wrongful foreclosure (Count III). Allegations against Deutsche Bank are limited to those sounding in wrongful foreclosure.

A claim of wrongful foreclosure "cannot be a cause of action, only an affirmative defense." *Wells Fargo Bank v. Favino*, No. 1:10cv571, 2011 U.S. Dist. LEXIS 35618, at *36 (N.D. Ohio Mar. 31, 2011).  Plaintiff does not challenge the fact that he cannot maintain a wrongful foreclosure claim.  (Doc. 17 at 6).  However, he alleges that the claim was not intended to be a claim for wrongful foreclosure, but rather a claim for fraud.

To prevail on a claim for common law fraud in Ohio, a plaintiff must show: (1) a misrepresentation; (2) of a material fact; (3) made with knowledge of its falsity, or reckless disregard for its truth or falsity; (4) upon which the plaintiff justifiably relied; and (5) a resulting injury proximately caused by the reliance.  *Rubin v. Schottenstein, Zox & Dunn*, 119 F. Supp. 2d 787, 790-91 (S.D. Ohio 2000).  Plaintiff alleges that Deutsche Bank's actions in connection with the foreclosure "give rise to conduct in the nature of fraud."  (Doc. 7 at ¶ 58).  However, Plaintiff does not expound further.  The Complaint alleges that during the foreclosure, Plaintiff learned of alleged "fraudulent representations made to Plaintiff and the Honises during the transaction with NovaStar" but nothing about Deutsche Bank.  (*Id.* at ¶ 31).  These allegations do not present a valid claim for

fraud against Deutsche Bank. Moreover, the vague assertions and conclusory allegations do not state the claim with the particularity required by Fed. R. Civ. P. 9(b).

Even if this Court were to consider Plaintiff's fraud claim, it is barred by *res judicata*. *Res judicata* provides that "[f]ederal courts must give the same preclusive effect to a state-court judgment as that judgment receives in the rendering state." *Abbott v. Mich.*, 474 F.3d 324, 330 (6th Cir. 2007). Under Ohio law, an existing final judgment or decree is conclusive as to all claims which were or might have been litigated in the first lawsuit. *Suggs v. U.S. Bank Nat'l Assoc.*, No. 1:10cv79, 2010 U.S. Dist. LEXIS 62768, at *3 (N.D. Ohio June 24, 2010). For *res judicata* to apply in Ohio: "(1) the judgment in the prior suit must be final; (2) the prior judgment must be rendered on the merits; and (3) both lawsuits must be based on the same 'claim' or 'cause of action.'" *Daneman v. Fed. Home Loan Mortg. Corp.*, 187 B.R. 190, 194 (S.D. Ohio 1995).

First, both Plaintiff and the Honises were named in the foreclosure action. Therefore, the decree of foreclosure was final as to Plaintiff, both individually and as assignee.[3] Second, the judgment was on its merits.[4] Third, both suits involve the same claim and factual issues – whether the foreclosure of the Honises' mortgage was valid

---

[3] A defendant made a party to a foreclosure action who did not appeal from the final judgment may not challenge the final judgment in a subsequent suit on the same cause of action. *Queen City Savs. & Loan Co. v. Foley*, 165 N.E.2d 633, 637 (Ohio 1960).

[4] *Daneman*, 187 B.R. at 195 ("A judgment by default rendered in a foreclosure action is just as conclusive on persons properly made parties thereto as any other form of judgment").

and proper. Accordingly, Plaintiff's claims regarding the validity of the foreclosure action have been fully adjudicated in state court, and *res judicata* bars him from re-litigating the claims here. *See, e.g., Queen City Savs. & Loan Co v. Foley*, 165 N.E.2d 633, 637 (Ohio 1960).[5]

Plaintiff's fraud claim is also barred by the *Rooker-Feldman* doctrine. The doctrine provides that lower federal courts lack subject matter jurisdiction to review the decisions of state courts. *D.C. Ct. of App. v. Feldman*, 460 U.S. 462, 476 (1983). The doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 294 (2005). Plaintiff alleges that the foreclosure action in state court was improper and void. (Doc. 7 at ¶ 58). Therefore, Plaintiff is asking this Court to undo a state court decision confirming the propriety of the foreclosure, a claim barred by the *Rooker-Feldman* doctrine.

## V.  CONCLUSION

Accordingly, for the reasons stated above, Defendant Deutsche Bank's motion to dismiss with prejudice (Doc. 9) is **GRANTED**. Defendant Deutsche Bank is terminated

---

[5] It appears that Plaintiff suggests that Deutsche Bank was not the real party in interest when it filed the foreclosure action. However, this does not preclude the application of *res judicata* because: (1) the allegations, as plead, do not amount to fraud; and (2) Plaintiff cannot in good faith assert that neither he nor the Honises knew these facts in the foreclosure action.

as a party to this civil action.

       **IT IS SO ORDERED**.

Date:  10/10/2012                                    *s/ Timothy S. Black*

                                                                        Timothy S. Black
                                                                        United States District Judge