UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MARSHALL G. HILES, *individually and as assignee of the claims of Nathan and Brittney Honis*; | : : : | Case No. 1:12-cv-392 |
| | : | Judge Timothy S. Black |
| Plaintiff, | : : | |
| vs. | : : | |
| NOVASTAR MORTGAGE, INC., *et al.*, | : : | |
| Defendants. | : | |

**ORDER DENYING PLAINTIFF'S MOTION TO VACATE JUDGMENT**
**(Docs. 38/41)**

This civil action is before the Court on *pro se* Plaintiff Marshall G. Hiles's motion to vacate judgment (Doc. 38) and the parties' responsive memoranda (Docs. 39, 40, 42, 45).[1]

## I. BACKGROUND

Plaintiff Marshall G. Hiles, both individually and as an assignee of Nathan and Brittney Honis, brought this civil action against Defendants NovaStar Mortgage, Inc., NovaStar Financial, Inc. (now known as Novation Companies, Inc.), Zurich American Insurance Company, and Deutsche Bank National Trust Company. On October 10, 2012, the Court granted Defendants' motions to dismiss. (Docs. 24, 25). This case was terminated from the Court's docket. (Doc. 26).

---

[1] On June 16, 2015, Plaintiff filed a corrected motion to vacate, with a revised certificate of service. (Doc. 41). The corrected motion does not differ from the original motion with respect to the arguments advanced by Plaintiff.

On December 10, 2012, Plaintiff, proceeding *pro se*, filed a notice of appeal. (Doc. 30).[2] During the pendency of the appeal, Plaintiff moved this Court to admit evidence post-judgment. (Doc. 31). The Court denied Plaintiff's request. (*See* February 8, 2013 Notation Order). On January 13, 2014, the Sixth Circuit affirmed this Court's dismissal of Plaintiff's case. *Hiles v. NovaStar Mortgage, Inc.,* No. 12-4527, Slip. Op. (6th Cir. Jan. 13, 2014). On May 6, 2014, the Sixth Circuit denied Plaintiff's petition for an *en banc* hearing. (App. Doc. 55.)

On May 15, 2015, Plaintiff, still proceeding *pro se*, filed the instant motion to vacate judgment. (Doc. 38). He asks the Court to vacate its orders dismissing his case (Docs. 24, 25).

## II.　STANDARD OF REVIEW

Rule 60(b) provides that relief from a final judgment may be granted for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

---

[2] Up until this point, Plaintiff had been represented by counsel. (*See* Doc. 27).

2

Fed. R. Civ. P. 60(b). Relief from judgment under Rule 60(b)(6)—the catch-all provision—is available "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Olle v. Henry & Wright Corp.,* 910 F.2d 357, 365 (6th Cir. 1990).

Motions made pursuant to Rule 60(b) must be made "within a reasonable time." Fed. R. Civ. P. 60(c)(1). Specifically, motions made pursuant to subsections (1), (2), and (3) must be made "no more than a year after the entry of the judgment or order or the date of the proceeding." *Id.* "[T]he party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info–Hold, Inc. v. Sound Merchandising, Inc.,* 538 F.3d 448, 454 (6th Cir. 2008).

### III. ANALYSIS

Plaintiff makes four arguments in support of his motion: (1) the dismissal violated his rights under the Seventh Amendment; (2) this judge was required to recuse himself; (3) the Court failed to give proper consideration to the fact that Plaintiff was proceeding *pro se*; and (4) the lending and foreclosure scheme was fraudulent, and the foreclosure judgment was obtained as a result of fraud on the court. For the reasons set forth below, Plaintiff's arguments are unavailing.

**A.  Rule 60(b) Claims**

As an initial matter, the Court considers whether Plaintiff's motion is timely. To the extent Plaintiff invokes Rule 60(b)(1), (2), or (3), he was required to make his motion no later than one year after the entry of judgment at issue. Fed. R. Civ. P. 60(c)(1).

3

Plaintiff seeks relief from the Court's Orders entered on October 10, 2012. Thus, to be timely under Rule 60(b)(1), (2), or (3), Plaintiff was required to file his motion seeking relief from these no later than October 10, 2013. Plaintiff filed the instant motion on May 15, 2015.

To the extent Plaintiff invokes the other subsections of Rule 60(b), he is still required to make his motion "within a reasonable time." Fed. R. Civ. P. 60(c)(1). "The reasonableness of the delay 'depends on the facts of a given case including the length and circumstances of the delay, the prejudice to the opposing party by reason of the delay, and the circumstances compelling equitable relief.'" *Gen. Med., P.C. v. Horizon/CMS Health Care Corp.*, 475 Fed. App'x 65, 76 (6th Cir. 2012) (quoting *Olle v. Henry & Wright Corp.,* 910 F.2d 357, 365 (6th Cir.1990)). Plaintiff does not explain why his substantial delay in filing the instant motion was reasonable.[3]

Even assuming Plaintiff's motion was timely, his arguments still fail. Plaintiff repackages arguments that were presented to and rejected by the Sixth Circuit. For example, the Sixth Circuit expressly rejected Plaintiff's claim that a trial should have been conducted pursuant to the Seventh Amendment. *Hiles v. NovaStar Mortgage, Inc.,* No. 12-4527, Slip. Op. at *5 (6th Cir. Jan. 13, 2014). The Sixth Circuit also found that this judge did not err by failing to recuse himself. *Id.* at *5–6. Finally, the Sixth Circuit did not agree with Plaintiff's contention that the facts of the case—related to alleged

---

[3] Plaintiff contends that he promptly took action following the state court's entry of judgment in the foreclosure action and his discovery of the fraud committed during that action. (Doc. 42 at 15). However, the relevant inquiry is whether the instant motion was filed within a reasonable time of this Court's dismissal of Plaintiff's case on October 10, 2012.

4

mortgage fraud—warranted reversal this Court's Orders. *Id.* at *4–5 (finding that this Court properly concluded that Plaintiff's claims were barred by the doctrine of *res judicata*).[4]  Plaintiff's arguments do not provide clear and convincing evidence that the judgment should be vacated, particularly where these same arguments were previously presented to the Sixth Circuit and found to be an insufficient basis for reversal.

**B.    Fraud on the Court Claim**

Plaintiff alleges that counsel in the underlying foreclosure action committed a fraud on the Hamilton County Court of Common Pleas by submitting documents that contained false statements and were fraudulent, as a means to establish standing. (*See* Doc. 38 at 8, 13–16).

Rule 60(b) does not limit a court's power to set aside a judgment for fraud on the court. Fed. R. Civ. P. 60(d).  Fraud on the court represents an exception to *res judicata. See United States v. Beggerly,* 524 U.S. 38, 46 (1998) (holding that fraud on the court that is "'sufficiently gross' demand[s] a departure from rigid adherence to the doctrine of res judicata") (citation omitted).  Courts have found that, if a plaintiff believes that a state court judgment was obtained by fraud on the state court, the plaintiff's remedy is by way of a motion for relief from judgment <u>under state law</u> (and before the state court), not by

---

[4] The Sixth Circuit acknowledged that Plaintiff was proceeding *pro se* before it and did not find that Plaintiff's *pro se* status required reversal.  *See id.*

5

way of a collateral attack on that court's judgment in federal court.[5] *See Perkins v. Wells Fargo Bank, N.A.*, No. 2:11-CV-952, 2012 WL 5077712, at *7 (S.D. Ohio Oct. 18, 2012), *aff'd*, No. 12-4284, Slip. Op. (6th Cir. Mar. 12, 2014) (citing *Thyne v. GMAC Mortg. Corp.,* No. 3:09–cv–377, 2010 WL 3075185, at *4 (S.D. Ohio Aug.4, 2010)).[6] *But see In re Sun Valley Foods Co.*, 801 F.2d 186, 188–89 (6th Cir. 1986) (finding that a federal court may entertain a collateral attack on a state court judgment procured through fraud, deception, accident, or mistake).

In any event, Plaintiff fails to carry his burden to prove that a fraud on the court occurred. To establish fraud on the court, Plaintiff must show conduct: (1) by an officer of the court; (2) directed to the "judicial machinery" itself; (3) which was intentionally false, willfully blind to the truth, or in reckless disregard of the truth; (4) which was a positive averment or a concealment when under a duty to disclose; and (5) which deceived the court. *Hill v. United States,* 2014 WL 223239, at *2 (N.D. Ohio 2014) (citing *Demjanjuk v. Petrovsky,* 10 F.3d 338, 348 (6th Cir. 1993)). Plaintiff has the burden of proving the existence of fraud on the court by clear and convincing evidence. *Carter v. Anderson,* 585 F.3d 1007, 1011 (6th Cir. 2009) (citation omitted).

---

[5] In fact, Defendant Deutsche Bank notes that on February 27, 2014, Plaintiff filed a motion to vacate in the state court foreclosure action, which was denied following oral argument. *See Deutsche Bank National Trust Company v. Nathan Honis, et al.*, Case No. A0806113, Court of Common Pleas for Hamilton County, Ohio.

[6] *See also* 11 Charles Alan Wright, *et al.,* Federal Practice and Procedure § 2870, at n. 13 (3d ed.) (citing *Taft v. Donellan Jerome, Inc.*, 407 F.2d 807 (7th Cir. 1969)); *see also Pfotzer v Amercoat Corp.*, 548 F2d 51, 52–53 (2d Cir. 1977); *Bankers Mortgage Co. v. United States*, 423 F.2d 73, 78 (5th Cir. 1970); *Potter v. Mosteller*, 199 F.R.D. 181, 185 (D.S.C. 2000) *aff'd*, 238 F.3d 414 (4th Cir. 2000).

Plaintiff's allegations and supporting documentation do not provide <u>clear and convincing evidence that conduct by counsel in this underlying foreclosure action</u> was intentionally false, willfully blind to the truth, or in reckless disregard of the truth. Plaintiff's exhibits do not prove, for example, that counsel was implicated in the fabrication of evidence or that counsel himself was dishonest in the underlying foreclosure action. (*See* Doc. 38-1, 42-1, and 45-1). Plaintiff fails to carry his heavy burden to prove, by clear and convincing evidence, that counsel committed a fraud on the state court.

## IV.    CONCLUSION

Accordingly, for the foregoing reasons, Plaintiff Marshall G. Hiles's motion to vacate judgment (Docs. 38/41) is **DENIED**.

**IT IS SO ORDERED.**

Date:  7/27/15                                          */s/ Timothy S. Black*
                                                        Timothy S. Black
                                                        United States District Judge