UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MARSHALL G. HILES, *individually and as assignee of the claims of Nathan and Brittney Honis*, | : : : | Case No. 1:12-cv-392 |
| | : | Judge Timothy S. Black |
| Plaintiff, | : : | |
| vs. | : : | |
| NOVASTAR MORTGAGE, *et al.*, | : : | |
| Defendants. | : | |

**ORDER: (1) GRANTING IN PART AND DENYING IN PART THE NOVASTAR DEFENDANTS' MOTION FOR SANCTIONS AND AN INJUNCTION (Doc. 53); AND (2) DENYING PLAINTIFF'S MOTION TO STAY (Doc. 55)**

This civil action is before the Court on: (1) The NovaStar Defendants' motion for sanctions and an injunction (Doc. 53) and the parties' responsive memoranda (Docs. 56, 58, 63); and (2) Plaintiff's motion to stay (Doc. 55) and the parties' responsive memoranda (Docs. 64, 65, 67, 69).'[1]

## I.     PROCEDURAL POSTURE

This civil action was removed to the Southern District of Ohio on May 22, 2012. (Doc. 1).  NovaStar Defendants moved to dismiss the complaint on June 19, 2012.  After the matter was fully briefed, on October 10, 2012, this Court issued an 18-page Order that terminated the case.  (Doc. 25).

---

[1] The "NovaStar Defendants" include:  NovaStar Mortgage, Inc., Novation Companies, Inc., formerly known as NovaStar Financial, Inc., and Zurich American Insurance Company (collectively "NovaStar Defendants").

1

Proceeding *pro se*, Plaintiff filed a notice of appeal on December 10, 2012. (Doc. 30). During the pendency of the Sixth Circuit appeal, Plaintiff moved the District Court to admit evidence, post-judgment. (Doc. 31). On February 8, 2013, this Court denied the motion to admit evidence. (2/8/2013 Notation Order). After the parties briefed the appellate issues, the Sixth Circuit affirmed this Court's dismissal on January 13, 2014. *Hiles v. NovaStar Mortg., Inc.,* No. 12-4527, Slip. Op. (6th Cir. Jan. 13, 2014). Following the Sixth Circuit's decision, Plaintiff filed a petition for an *en banc* hearing. (App. Doc. 54). The *en banc* petition was denied on May 6, 2014. (App. Doc. 55).

On May 15, 2015, Plaintiff filed a Motion to Vacate Judgment, which simply restated the arguments that the Sixth Circuit rejected on appeal, including reference to recusal of the District Judge. (Doc. 38). On July 27, 2015, the Court denied Plaintiff's Motion to Vacate on multiple grounds: (1) untimeliness; (2) failure to "provide clear and convincing evidence that the judgment should be vacated, particularly where these same arguments were previously presented to the Sixth Circuit and found to be an insufficient basis for reversal" (Doc. 46 at 5); and (3) failure to prove fraud on the court by clear and convincing evidence. Following the Court's Order denying the Motion to Vacate, Plaintiff moved to recuse Judge Black (Doc. 47) and moved for reconsideration of the denial of the Motion to Vacate (Doc. 48). These motions regurgitated the same arguments that both this Court and the Sixth Circuit were denied. (Doc. 69).

In response to Plaintiff's motions for recusal and reconsideration, counsel for NovaStar Defendants wrote a letter to Plaintiff to notify him of his obligations under Rule

11 of the Federal Rules of Civil Procedure.  (Doc. 53, Ex. B).  In this letter, counsel identified Rule 11 and explained how Plaintiff's most recent motions violated the rule regarding needlessly expending legal resources and harassing the NovaStar Defendants with repetitive motions lacking any legal basis.  (*Id.*)  Plaintiff was asked to withdraw the motions by August 21, 2015 or the NovaStar Defendants would seek appropriate remedies from this Court.  In a letter dated August 12, 2015, Plaintiff refused to withdraw his motions to recuse and for reconsideration.  (Doc. 53, Ex. C).

On August 18, 2015, the NovaStar Defendants served Plaintiff with this Motion for Sanctions and an Injunction and formally requested that Plaintiff withdraw the motions.  (Doc. 53, Ex. D).  Plaintiff again refused to withdraw the motions and threatened to continue pursuing litigation against the NovaStar Defendants.  (*Id.*, Ex. E).

## II.　ANALYSIS

### A.　Motion to Stay

"A stay in a civil case is an extraordinary remedy that should be granted only when justice so requires." *McCloskey v. White*, No. 3:09cv1273, 2011 U.S. Dist. LEXIS 19877, at *1 (N.D. Ohio 2011).  "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel, and for litigants, and the entry of such an order ordinarily rests with the sound discretion of the District Court.'" *Fed. Trade Comm'n v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627 (6th Cir. 2014).

The party seeking a stay of proceedings has the burden of establishing both the "pressing need for delay" and "that neither the other party nor the public will suffer harm from entry of the order." *Ohio Envtl. Council v. United States Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977). In determining whether or not to grant a stay of proceedings, a court may consider the following factors: "[1] the potentiality of another case having a dispositive effect on the case to be stayed, [2] the judicial economy to be saved by waiting on a dispositive decision, [3] the public welfare, and [4] the hardship/prejudice to the party opposing the stay, given its duration." *Michael v. Ghee*, 325 F. Supp.2d 829, 831 (N.D. Ohio 2004).

After the NovaStar Defendants filed a motion for sanctions and an injunction, Plaintiff filed a motion to stay (Doc. 55), seeking to stay this lawsuit pending the resolution of a Petition for Writ of Prohibition and Mandamus filed in an unrelated case — *Hiles v. Army Review Board*, Case No. 12-cv-673 (S.D. Ohio). Neither the NovaStar Defendants nor the Deutsche Bank are parties to that case. The only relationship between the two cases is that both are assigned to this Judge and Mr. Hiles is the Plaintiff in both cases.

This lawsuit was dismissed three years ago and the Sixth Circuit affirmed that dismissal almost two years ago. A stay at this point would be inappropriate given the procedural history of this case and would cause further unnecessary expense for the NovaStar Defendants. Accordingly, Plaintiff has failed to meet his burden to establish the necessity of a stay.

**B.     Motion for Sanctions**

The NovaStar Defendants argue that Plaintiff continues to file frivolous motions that seek to re-litigate issues that have long since been resolved both by this Court and the Sixth Circuit Court of Appeals. Accordingly, the NovaStar Defendants seek sanctions, their fees and costs in preparing this Motion and opposing Plaintiff's frivolous motions, and an Order enjoining Plaintiff from filing any new motions without first seeking and receiving leave of Court.

Federal Rule of Civil Procedure 11 gives the Court the power to impose sanctions on parties, attorneys, and law firms. Fed. R. Civ. P. 11(c)(1). Rule 11 states four grounds for imposing sanctions, but only two are relevant to the motion currently before this Court. Rule 11(b) states:

> By presenting to the court a pleading, written motion, or other paper …an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law

Rule 11 authorizes a federal court to impose sanctions when a litigant multiplies the proceedings in a claim unreasonably and vexatiously. Sanctions under Rule 11 are intended to deter abuse of the legal process. *Merritt v. Int'l Ass'n of Machinists &*

*Aerospace Workers*, 613 F.3d 609, 626 (6th Cir. 2010).[2] The remedial purpose of Rule 11 is to require attorneys, as well as *pro se* litigants, to "stop, look, and listen" before instituting a lawsuit or submitting a filing to the court. *Schmidt v. Nat'l City Corp.*, 3:06cv209, 2008 U.S. Dist. LEXIS 118202, at *4 (E.D. Tenn. Aug. 26, 2008).[3]

Given Plaintiff's status as a *pro se* litigant, the Court declines to impose sanctions at this time. However, Plaintiff is now on notice. Moving forward, Plaintiff's *pro se* status is not an excuse for wasting the Court's limited resources and depriving other litigants from the speedy resolution of their cases. Plaintiff is cautioned that this Court will impose Rule 11 sanctions for future abuses.

The NovaStar Defendants also argue that Plaintiff should be enjoined from filing any additional motions in this matter without first obtaining leave of court. Plaintiff has advanced the same arguments as a basis for reviving his suit five times since the Court dismissed the lawsuit in 2012: (1) the Sixth Circuit appeal; (2) the *en banc* petition; (3) the motion to vacate; (4) the motion to recuse; and (5) the motion for reconsideration. "An injunction is proper against a litigant who has abused the court system by using it to relitigate claims arising from the same factual circumstances or to harass his opponents." *Sassower v. Thompson, Hine & Flory*, No. 92-3553, 1993 U.S. App. LEXIS 5466, at *7

---

[2] *See, e.g., Tahfs v. Proctor*, 316 F.3d 584, 594 (6th Cir. 2003) ("The central purpose of Rule 11 is to deter baseless filings in district court.").

[3] *See also Smiley v. Gov't Seal*, No. 1:14cv191, 2014 U.S. Dist. LEXIS 33746, at *2 (S.D. Ohio Mar. 13, 2014) (*pro se* parties are subject to Rule 11); *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986) ("[P]ro se filings do not serve as an impenetrable shield [from the application of Rule 11], for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.").

(6th Cir. Mar. 4, 1993). Each time Plaintiff files another frivolous motion, the NovaStar Defendants are required to expend resources on a case that was terminated years ago. This Court has ruled and the Sixth Circuit has affirmed that this matter is barred by the doctrine of *res judicata*. (Doc. 25 at 17; App. Doc. 51-2 at 4-5). There is "nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation." *Feathers v. Chevon U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998).

While the Court gives some deference to *pro s*e litigants, it will not permit any litigant to use the Court's resources to address filings clearly designed to harass the Court or opposing counsel. Federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions. *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986). To achieve these ends, the Sixth Circuit has approved enjoining vexatious and harassing litigants by requiring them to obtain leave of court before submitting additional filings. *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987). <u>Therefore, Plaintiff must seek leave of Court before submitting any additional filings in this case</u>.

### III.   CONCLUSION

Accordingly, for the reasons stated in this Order:

(1)   Plaintiff's motion to stay (Doc. 55) is **DENIED**;

(2)   The NovaStar Defendants' motion for sanctions and an injunction (Doc. 53) is **GRANTED IN PART** and **DENIED IN PART** as explained in this Order; and

(3)   Plaintiff is **ENJOINED** and prohibited from filing any additional motions in this case without leave of Court.

7

**IT IS SO ORDERED**.

Date:  2/5/16 *s/ Timothy S. Black*
Timothy S. Black
United States District Judge