UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARSHALL G. HILES, individually and as assignee of the claims of Nathan and Brittney Honis,
    Plaintiff,

vs.

NOVASTAR MORTGAGE, et al.,
    Defendants.

Case No. 1:12-cv-392
Black, J.
Litkovitz, M.J.

**ORDER**

This matter is before the Court on plaintiff's pro se motions for leave to file a motion to extend (Doc. 72) and to stay this case (Doc. 73).

As background, this civil action was removed to this Court on May 22, 2012. (Doc. 1). On October 10, 2012, the Court granted defendants' motion to dismiss and terminated the case. (Doc. 25). The Sixth Circuit affirmed on January 13, 2014. *Hiles v. NovaStar Mortg., Inc.*, No. 12-4527, Slip Op. (6th Cir. Jan. 13, 2014). Plaintiff filed a petition for rehearing *en banc*, which the Sixth Circuit denied on May 6, 2014. (App. Doc. 55).

On May 15, 2015, plaintiff filed a motion to vacate judgment, which restated the arguments the Sixth Circuit rejected on appeal. (*See* Doc. 38). On July 27, 2015, the Court denied plaintiff's motion to vacate. (Doc. 46). Subsequently, plaintiff moved to recuse Judge Black (Doc. 47) and moved for reconsideration of the denial of the motion to vacate (Doc. 48). The Court denied these motions, finding that they regurgitated the same arguments that this Court and the Sixth Circuit had already denied. (Doc. 69).

On August 15, 2015, defendants filed a motion for sanctions and an injunction. (Doc. 53). Plaintiff filed a motion to stay on September 23, 2015. (Doc. 55). On February 5, 2016,

the Court denied plaintiff's motion to stay and granted in part defendants' motion for sanctions and an injunction. (Doc. 70). As to the motion to stay, the Court held that a stay was inappropriate, given that the case was dismissed in 2012 and the Sixth Circuit affirmed that dismissal in 2014. (*Id.* at 4). As to the motion for sanctions and an injunction, the Court declined to impose sanctions at that time given plaintiff's pro se status. (*Id.* at 6). However, the Court placed plaintiff on notice that "[m]oving forward, Plaintiff's *pro se* status is not an excuse for wasting the Court's limited resources and depriving other litigants from the speedy resolution of their cases." (*Id.*). Further, the Court noted that plaintiff "has advanced the same arguments as a basis for reviving his suit five times since the Court dismissed the lawsuit in 2012: (1) the Sixth Circuit appeal; (2) the *en banc* petition; (3) the motion to vacate; (4) the motion to recuse; and (5) the motion for reconsideration." (*Id.*). Therefore, the Court enjoined plaintiff from filing any additional motions in this case without leave of the Court. (*Id.* at 7).

In the instant motion for leave to file a motion to extend, plaintiff indicates that he seeks an extension of time to file an objection and appeal aimed at reopening this case. (*See* Docs. 72 and 72-1). Because plaintiff seeks leave to revive his suit yet again, the motion for leave to file a motion to extend (Doc. 72) is **DENIED** for the reasons explained in the Court's February 5, 2016 Order. Further, because plaintiff did not seek leave to file the motion to stay (Doc. 73), that motion is **DENIED** pursuant to the injunction entered in the Court's February 5, 2016 Order.[1]

**IT IS SO ORDERED.**

Date: 8/18/16

Karen L. Litkovitz
United States Magistrate Judge

---

[1] Even if plaintiff had sought leave to file his motion to stay, the motion would be denied for the reasons explained in the Court's February 5, 2016 Order. (*See* Doc. 70 at 4).

2